NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VALLEY FORGE INSURANCE COMPANY, on its own behalf and as equitable subrogee of MARCH ASSOCIATES CONSTRUCTION, INC., | : : : : : | CIVIL ACTION NO. 14-7379 (MLC)<br><br>**MEMORANDUM OPINION** |
| Plaintiff, | : : | |
| v. | : : | |
| SCOTTSDALE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

**A DECEDENT'S ESTATE** brought an action to recover damages for wrongful death arising from a construction-site accident against March Associates Construction, Inc. ("MAC") and Dillon Steel Corporation ("DSC") in New Jersey Superior Court, Ocean County ("State Tort Action"). (See dkt. entry no. 1-1 at ECF p.15, State Tort Action Compl.) MAC and DSC brought third-party claims against the decedent's employer, Lunar Steel Construction ("LSC") in the State Tort Action, and LSC asserted claims against MAC and DSC in response. See generally No. L-3158-12 (N.J. Super. Ct., Ocean Cnty.). This Court's review of the docket of the State Tort Action reveals that it is being actively litigated. See id.

**VALLEY FORGE INSURANCE COMPANY ("VFIC")**, which insured MAC, brought a separate action on its own behalf and as MAC's subrogee against DSC's insurer, Scottsdale Insurance Company ("SIC"), for a judgment declaring that SIC is obligated to:

(1) defend and indemnify MAC in the State Tort Action; and (2) reimburse VFIC for expenses incurred in defending MAC in the State Tort Action ("Declaratory Judgment Action"). (See dkt. entry no. 1-1 at ECF p.2, Declaratory J. Action Compl.) SIC removed the Declaratory Judgment Action to this Court pursuant to 28 U.S.C. § ("Section") 1332. (See dkt. entry no. 1, Notice of Removal at 1–4.)

**A DETERMINATION** by this Court as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Tort Action.[1] Furthermore, VFIC and SIC could be named in the State Tort Action as defendants, third-party defendants, or interested parties. As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280–90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION**: (1) is a declaratory-judgment action involving insurance-coverage issues; (2) concerns issues that are being raised in the State Tort Action; and (3) could be adjudicated by the same judge overseeing the State Tort Action because both actions were initiated in the same state court. As a result, the Declaratory Judgment Action should be remanded. See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2–3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed action seeking indemnification

---

[1] SIC concedes this point. (See dkt. entry no. 8, SIC Br. at 2, 8–10 (stating issues in State Tort Action and Declaratory Judgment Action "overlap" and are "intertwined").)

in pending state court case); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (remanding a removed insurance-coverage action because "possibility of interfering with the state court cases regarding the same matter is substantial").

**THE COURT**, in view of the pending State Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001). The preference of the insurers here to proceed in federal court "has no special call on the federal forum". Id. at 136. Accordingly, the Court will remand the Declaratory Judgment Action.[2]

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated: December 29, 2014

---

[2] VFIC should have named DSC and LSC as interested parties in the Declaratory Judgment Action, as SIC acknowledges. (See SIC Br. at 2, 5, 10–11.) See N.J.S.A. 2A:16-56. It also appears that MAC should have been named as a separate plaintiff, because MAC may be subject to paying a deductible or increased insurance rates if it is found liable in the State Tort Action. See United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380–81 (1949) (stating insured should appear in litigation in its own name when it "owns" portions of substantive right); see also Krueger v. Cartwright, 996 F.2d 928, 931–32 (7th Cir. 1993); Fed. Ins. Co. v. Your Homework, Inc., 280 F.Supp.2d 844, 845–46 (N.D. Ill. 2003). The Court doubts that subject-matter jurisdiction could be demonstrated under Section 1332 if DSC's citizenship, LSC's citizenship, and MAC's citizenship were examined.